UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH M. WAGNER, | ) | CASE NO. 5:08CR507 |
| | ) | 5:12CV2089 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Keith M .Wagner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 747.  The petition is DENIED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. LAW AND ARGUMENT**

Wagner raises numerous issues related to his sentencing.  Wagner contends that a probation-only sentence that was imposed when he was seventeen was improperly used as a predicate offense for his career offender enhancement.  Wagner also appears to argue that certain convictions should have been combined together when evaluating whether he qualified as a career offender.  Finally, Wagner contends that his counsel was ineffective for failing to argue these issues and correct other alleged errors in the presentence report.  Wagner's contentions lack merit.

The Government has opposed the motion, contending that Wagner's sentencing errors are barred by res judicata and that he has failed to demonstrate ineffective assistance of counsel.  Wagner has replied in support of his motion.

Initially, the Court would note that it need not reach the issue of whether the doctrine of res judicata is applicable to Wagner.  Instead, it is clear that law of the case precludes Wagner from relitigating the alleged errors in his sentencing guideline calculation.  The law of the case doctrine applies in § 2255 matters.  *Taylor v. United States*, 59 Fed. Appx. 58, 60 (6th Cir. 2003).  In that regard:

> In general, findings made at one point in litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The law of the case doctrine holds that once an appellate court has ruled on a particular issue, absent exceptional circumstances, the ruling is final and must be followed by the district court on remand. *Miles v. Kohli & Kaliher Assocs., Ltd.*, 917 F.2d 235, 241 (6th Cir. 1990)

*Id.*

Wagner contends that his issue has not been decided because of one line from the Sixth Circuit's opinion: "While we take no position regarding Defendant's contention that the treatment of 'a probation-only conviction received at the age of seventeen as a predicate for career offender status' is 'an issue of first impression' in this Circuit, (Reply at 1), we disagree that this is the issue

2

now presented for us to decide." Doc. 45 at 6.  Wagner mistakenly believes that this statement meant that the Sixth Circuit had not decided whether his probation-only conviction at the age of could serve as a predicate offense.  However, that is not the case.  Instead, the Sixth Circuit went on to note that Wagner has his probation revoked and was sentenced to an actual term of incarceration.  The Sixth Circuit then went on to analyze whether a conviction, a sentence of probation, and a revocation of probation could serve as a predicate offense.  In other words, the quote above only served to indicate that Wagner had misframed the issue on appeal, not that the Circuit was declining to reach the issue.  ("Instead, the question before us is whether Defendant's sentence of incarceration for a probation violation, stemming from such a "probation-only" conviction received when Defendant was 17 years old, was properly scored under the Guidelines and applied for the purposes of the career offender enhancement." Doc. 45 at 6)

In their ruling, the Sixth Circuit went on to conclude that Wagner's juvenile conviction and subsequent probation revocation were properly scored and that Wagner was properly found to be a career offender.  ("Therefore, the district court correctly applied the career offender enhancement to Defendant's sentence." Doc. 45 at 11).  There are no exceptional circumstances that would warrant this Court revisiting issues decided by Sixth Circuit.   Wagner's grounds for relief regarding his sentencing, therefore, lack merit.

Similarly, Wagner contends that his trial counsel was ineffective for failing to allege these errors.  The standard for ineffective assistance of counsel is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Wagner must show that his counsel's performance was deficient.  *Id.* at 687.  Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*.  Second, Wagner must show that his counsel's deficient performance actually prejudiced his defense.  *Id.*

3

As detailed above, Wagner's contention that errors occurred in his sentencing lacks merit. Accordingly, any argument that his counsel should have raised those issues is similarly precluded. Wagner also appears to argue that his counsel failed to point out that he did not serve the full seven years for his probation violation, but instead served 16 months, received parole, violated a second time, and then served an additional 22 months. It is unclear how this correction could have assisted Wagner, given that his repeated violations of the law were the primary reason given when the sentencing judge declined to downward vary or depart. In any event, Wagner has fallen well short of demonstrating prejudice stemming from this alleged omission. He has not shown that his sentence would conceivably have been different in any manner. As such, this final ground for relief also lacks merit.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: February 20, 2013        /s/ *John R. Adams*
 **JOHN R. ADAMS**
 **UNITED STATES DISTRICT JUDGE**